FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEVAR BROWN,<br><br>      Petitioner,<br><br>    v.<br><br>LEROY BACA,<br><br>      Respondent. | Case No. CV 13-0745-VAP (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

## I.  Factual and Procedural Background

Levar Brown filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on February 4, 2013. The petition reveals that Petitioner is awaiting trial in the Los Angeles County Superior Court on one count of murder. Although the petition is difficult to understand, it sets out a litany of complaints regarding the pretrial proceedings in the pending criminal case. Petitioner claims that he has been denied the right to a speedy trial, that he is subject to excessive bail, that the police have conspired to falsely accuse him of murder, and that he has been denied the effective assistance of counsel.

This petition mirrors two prior petitions filed by this petitioner, both of which were dismissed without prejudice based on

the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).[1] Because the current petition challenges a pending state criminal case and because no judgment has been entered in that case, this Court will not intervene in those state court proceedings, and the petition will be dismissed without prejudice.

II. **Screening Requirement**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[if it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that the is not cognizable under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Accordingly, summary dismissal of the petitions is warranted.[2]

---

[1] *See Brown v. Superior Court*, Case No. CV 12-3593-VAP (MLG); *Brown v. Baca*, Case No. CV 12-8475-VAP (MLG).

[2] Petitioner has consented to the exercise of consent jurisdiction by the United States Magistrate Judge. "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the instant proceeding and has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and therefore is not a party to this proceeding. *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to 28 U.S.C. § 636(c)(1). *See, e.g, Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of

## III. The Court Will Abstain from Intervening in the Pending State Proceedings.

Federal courts generally abstain from interfering with pending state criminal proceedings before the entry of a judgment of conviction. *Braden*, 410 U.S. at 489. In *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), the Supreme Court strictly limited a federal court's ability to intervene in an ongoing state criminal proceeding. A federal court must abstain from addressing an asserted violation of a federal constitutional right where (1) state judicial proceedings are still pending, (2) the state proceedings implicate important state interests, and (3) the state proceedings offer an adequate opportunity to put forward the federal question. *Middlesex*

---

defendants because defendants had not been served yet and therefore were not parties); *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the "parties" and the property owner, having failed to comply with the applicable filing requirements, was not a "party"); *see also Patrick Collins, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 125671, at *4 n.1 (N.D. Cal. Oct. 31, 2011) ("Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s)."); *Third World Media, LLC v. Doe*, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); *Kukiela v. LMA Prof'l Recovery Group*, 2011 U.S. Dist. LEXIS 85417, at *1 n.1 (D. Ariz. Aug. 1, 2011) ("Plaintiff consented to proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1). (Doc. 7.) Because Defendant did not appear and establish its standing as a party in this action, the Magistrate Judge has jurisdiction to enter the requested default judgment."); *Quigley v. Geithner*, 2010 WL 3613901, at *1 (D. Idaho Sept. 8, 2010) ("Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case."); *Ornelas v. De Frantz*, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) ("The court does not require the consent of defendants in order to dismiss this action because defendants have not been served, and, as a result, are not parties under the meaning of 28 U.S.C. § 636(c).").

*County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223-24 (9th Cir. 1994). All three elements must be present in order for abstention to be appropriate. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995).

Only when a person subject to state criminal prosecution can show that he will suffer irreparable injury, which is both great and immediate, may intervention be warranted. *Younger v. Harris*, 401 U.S. at 46. Irreparable injury has been found where a state is attempting to hold a second trial after a defendant has been tried on the same offense, *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Special circumstances which might warrant federal intervention before trial also include proven harassment and bad faith prosecutions. *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980). However, the Ninth Circuit has held that in the absence of irreparable injury or a bad faith prosecution, "abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution." *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

In addition, although there is no exhaustion requirement under section 2241(c)(3), principles of comity and federalism require a federal court to abstain from deciding pre-conviction habeas corpus challenges unless a petitioner demonstrates that (1) he has exhausted available state judicial remedies, and (2) "special circumstances warrant federal intervention." *See Carden*, 626 F.2d at 83-84. Here, Petitioner has not raised these claims for relief in the California

Court of Appeal or Supreme Court.

Regardless, Petitioner has failed to demonstrate any special circumstance or irreparable injury that would warrant federal intervention and which cannot be addressed by the state courts in an orderly fashion. It is clear from the petition itself and the two prior petitions that Petitioner simply is unhappy with the superior court's rulings on pretrial matters and believes that the federal courts should now intervene in his favor. Petitioner has therefore failed to present any compelling reason for this federal court to interfere with the ongoing state criminal proceeding.

All three elements warranting abstention are present. State judicial proceedings are on-going; the state proceedings involve the enforcement of state criminal laws, an important state interest; and Petitioner will have an adequate opportunity to raise his constitutional claims on appeal in the California courts, after he is sentenced. Accordingly, the Court finds that abstention is proper with respect to the still-pending failure to register charge.

### III. Conclusion

For the reasons stated above, this petition is **DISMISSED** without prejudice. A certificate of appealability will not issue. Reasonable jurists would not find the dismissal of the petition as successive debatable or wrong.

Dated: February 8, 2013

Marc L. Goldman
United States Magistrate Judge